TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00657-CV







Danny Blass and Cathy Blass, Individually and in their Capacities

as Joint Administrators of the Estate of Aaron Blass, Deceased, Appellants


v.



Hanover American Insurance Company and Hanover Insurance Company, Appellees





FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 98-456-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING 





 

 Appellants Danny and Cathy Blass, individually and in their capacities as joint
administrators of the estate of their son Aaron Blass ("Aaron"), deceased, appeal the district
court's summary judgment in favor of appellees, Hanover American Insurance Company and
Hanover Insurance Company (together "Hanover"). Appellants complain on appeal that the
uninsured/underinsured motorist endorsement ("UM/UIM Endorsement") to an automobile
insurance policy issued by Hanover to Danny Blass's employer, Christianson Enterprises, Inc.
("Christianson Enterprises") is ambiguous, and because it is ambiguous should be construed so
that Aaron is covered under the policy. Because we find that the endorsement is unambiguous and
that Aaron was not covered by the policy, we will affirm the district court's summary judgment.



BACKGROUND

 In August 1996, Aaron was killed while riding as a passenger in a friend's vehicle. 
Following the accident, appellants brought a claim under the Texas commercial auto insurance
policy issued by Hanover to Danny Blass's employer, Christianson Enterprises. The UM/UIM
Endorsement to the policy covers "damages which an insured is legally entitled to recover from
the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an
insured" arising out of the ownership, maintenance, or use of the underinsured motor vehicle. 
Under the heading "WHO IS AN INSURED," the UM/UIM Endorsement sets forth the following
three categories:

 

1. You and any designated person and any family member of either.


2. Any other person occupying a covered auto.


3. Any person or organization for damages that person or organization is entitled
to recover because of bodily injury sustained by a person described in 1. or 2.
above.



(Emphasis in original.) As set out in the policy's Coverage Form, the term "you" used
throughout the policy refers to the Named Insured provided in the policy's Declarations,
Christianson Enterprises. (1) 


 It is undisputed that neither Danny Blass nor Aaron is listed as a named insured in
the policy's declarations or as a "designated person" in the UM/UIM Endorsement, and that none
of the vehicles involved in the accident are "covered autos" under the policy. Based on these
undisputed facts, Hanover moved for summary judgment arguing that it is entitled to judgment
as a matter of law because the policy issued to Christianson Enterprises is unambiguous and did
not extend coverage to Aaron. The district court granted summary judgment. On appeal,
appellants complain that Hanover is not entitled to summary judgment because the UM/UIM
Endorsement is ambiguous.


DISCUSSION The parties do not dispute the material facts of this case. Consequently, the issue
presented on appeal is purely a legal matter. See Grain Dealers Mut. Ins. Co. v. McKee, 943
S.W.2d 455, 458 (Tex. 1997) (determining whether insurance policy is ambiguous is a question
of law for the courts). "The propriety of summary judgment is a question of law." Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Grocers Supply Co. v. Sharp, 978 S.W.2d 638,
642 (Tex. App.--Austin 1998, pet. denied). We therefore review the district court's decision de
novo to determine whether Hanover was entitled to judgment as a matter of law. See id.; Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). 

 Insurance policies are contracts and are interpreted according to the same principles
that govern contract interpretation generally. See Grain Dealers, 943 S.W.2d at 458; Hernandez
v. Gulf Group Lloyds, 875 S.W.2d 691, 693 (Tex. 1994). A court should "ascertain the intent
of the parties as expressed in the instrument" when construing a written contract. National Union
Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995) (citing Forbau v. Aetna Life
Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994)). In deciding whether a policy is ambiguous, a court
considers the written instrument as a whole and determines if it is subject to more than one
reasonable interpretation in light of the circumstances present at the time of its formation. See
Grain Dealers, 943 S.W.2d at 458. If the policy so considered can be given a certain or definite
legal meaning, then it is not ambiguous and should be construed as a matter of law. See id.;
National Union, 907 S.W.2d at 520. An ambiguity does not arise simply because the parties
advance different interpretations of the policy's language. See Grain Dealers, 943 S.W.2d at 458.

 Appellants assert that an ambiguity arises in the Hanover policy because a
reasonable interpretation of the UM/UIM Endorsement would include all of Christianson
Enterprises' employees under its coverage, and therefore, Aaron, as a family member of an
employee, would be insured under the UM/UIM Endorsement. In reviewing the record, if we
find that it would be reasonable to interpret the Hanover policy as extending coverage to Aaron,
then a fact issue exists that precludes summary judgment. See Coker v. Coker, 650 S.W.2d 391,
394 (Tex. 1983) (summary judgment cannot be based on interpretation of ambiguous contract, as
ambiguity creates question of fact). However, if we find that the only reasonable interpretation
of the policy would be that it did not cover Aaron, we must uphold the summary judgment in
Hanover's favor. See Grain Dealers, 943 S.W.2d at 460.

 Appellants urge that we reconsider the supreme court's decision in Grain Dealers. 
In Grain Dealers, the supreme court found that a policy identical to the policy now before us was
not ambiguous. The doctrine of stare decisis binds us to supreme court precedent when deciding
matters of law. See Swilley v. McCain, 374 S.W.2d 871, 875 (Tex. 1964). In arguing that the
UM/UIM Endorsement is ambiguous and could reasonably be interpreted as covering Aaron at
the time of the accident, appellants raise an issue of law that is virtually identical to that raised
in Grain Dealers. 

 In Grain Dealers, the supreme court considered a business automobile policy that
contained a UM/UIM Endorsement and Coverage Form identical to the policy issued to
Christianson Enterprises by Hanover. See Grain Dealers, 943 S.W.2d at 457. McKee was the
president and sole shareholder of a corporation insured by Grain Dealers Mutual Insurance
Company. McKee filed suit for damages sustained by his daughter while riding in an
underinsured car not covered by the policy. See id. The supreme court held that where only a
corporation is named as an insured and no name is provided as a designated person in the
UM/UIM Endorsement, the policy has a certain and definite legal meaning. See id. at 457-60. 
Thus, because McKee's daughter did not qualify as "you" (the named insured), a "designated
person" (the space was left blank), or a "family member" of the named insured (the named
insured was a corporation), she was not an insured under the UM/UIM Endorsement. Id. at 457. 

 The supreme court in Grain Dealers rejected all of McKee's interpretative
arguments: (1) that the UM/UIM Endorsement was ambiguous because it would be reasonable
to interpret the term "you" in the first category of those listed as insured under the UM/UIM
Endorsement ("You and any designated person and any family member of either") as referring
to McKee since he was the president and sole shareholder of the corporation insured under the
policy; (2) that reading the term "you" in category one as a reference only to his corporation
created surplusage because a corporation could not have a family member as the UM/UIM
Endorsement defined that term; and (3) that any policy interpretation denying family member
status to his daughter would make the UM/UIM coverage illusory and be abhorrent to Texas law
as a forfeiture. See id. at 457-60. First, the court pointed out that the corporation was "a distinct
legal entity, separate and apart from McKee", even if he was its president and sole shareholder. 
See Grain Dealers, 943 S.W.2d at 458. Second, responding to McKee's surplusage argument,
the court stated that surplusage alone did not render a policy ambiguous. See id. Lastly, the court
rejected McKee's forfeiture argument, demonstrating that the UM/UIM Endorsement provided
other types of coverage, such as coverage for McKee's daughter were she riding in a covered
vehicle at the time of the injury. See id.

 The case before us is indistinguishable from Grain Dealers. We are confronted
with the identical UM/UIM Endorsement under the same circumstances: a corporation is
designated as the Named Insured in the Declarations of the policy; the Coverage Form explains
that throughout the policy the term "you" refers to the Named Insured; an employee of the named
corporation, in this case Danny Blass, seeks coverage for his child, Aaron, claiming that his
family members are covered under the UM/UIM Endorsement; Aaron was killed while riding in
a vehicle not covered by the UM/UIM Endorsement; and neither Danny Blass nor Aaron was
named as a designated person on UM/UIM Endorsement. Therefore, bound to follow Grain
Dealers, we hold that the UM/UIM Endorsement in issue is unambiguous. See id. at 457-60.

 Accordingly, we overrule appellants' sole issue.

CONCLUSION

 Having overruled appellants' issue, we affirm the district-court order granting
summary judgment.

 


 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: September 10, 1999

Do Not Publish

1. Other entities listed as "named insureds" are: W.G. Christianson Company, Christianson
Air Conditioning, Inc., Christianson Brother [sic] Partnership, GGR Leasing Corporation DBA
Professional Services Company, Southwest Service Co. DBA Economy Air, and Christianson
Family Trust.


surance
Company. McKee filed suit for damages sustained by his daughter while riding in an
underinsured car not